UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DAVID HOLLETT, | Case No.: 2:22-cv-01931-APG-NJK |
| Plaintiff | **Order** |
| v. | |
| DIRECTOR OF NURSING, et al., | |
| Defendants | |

Plaintiff David Hollett brings this civil-rights action under 42 U.S.C. § 1983 to redress constitutional violations that he claims he suffered while incarcerated at Ely State Prison. ECF No. 1-1. On November 21, 2022, the magistrate judge denied Hollett's application to proceed *in forma pauperis* without prejudice because Hollett filed his application using the form for non-inmates, rather than the form for inmates. ECF No. 3. The magistrate judge ordered Hollett to file a fully complete application to proceed *in forma pauperis* using the correct form for inmates, or pay the full $402 filing fee, by January 20, 2023. *Id.* The magistrate judge warned Hollett that the action could be dismissed if he failed to comply with that deadline. *Id.* at 2.

On November 29, 2022, Hollett filed a motion for clarification. ECF No. 4. The magistrate judge denied the motion, explaining that the order was clear that Hollett had filed his application using the incorrect form, and that he must file a new application with the correct form. ECF No. 5. The January 20, 202, deadline has passed, and Hollett did not comply with the order or file a request for an extension.

**I.   Discussion**

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case.

*Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, I must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)).

      The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissal. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor, the public policy favoring disposition of cases on their merits, is greatly outweighed by the factors favoring dismissal.

      The fifth factor requires me to consider whether less drastic alternatives can be used to correct the party's failure that brought about the court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that "the persuasive

force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of less drastic alternatives prior to disobedience of the court's order as satisfying this element[,]" *i.e.*, like the "initial granting of leave to amend coupled with the warning of dismissal for failure to comply[,]" have been "eroded" by *Yourish*). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because this action cannot realistically proceed until Hollett either files a fully complete application to proceed *in forma pauperis* or pays the $402 filing fee, the only alternative is to enter a second order setting another deadline. But the reality of repeating an ignored order is that it often only delays the inevitable and squanders the court's finite resources. The circumstances here do not indicate that this case will be an exception: there is no hint that Hollett needs additional time. Setting another deadline is not a meaningful alternative given these circumstances. So the fifth factor favors dismissal.

## II.  Conclusion

The relevant factors weigh in favor of dismissal. I therefore order that this action is dismissed without prejudice based on Hollett's failure to file a fully complete application to proceed *in forma pauperis* using the correct form or pay the full $402 filing fee in compliance with the magistrate judge's order. The Clerk of Court is directed to enter judgment accordingly and close this case. No other documents may be filed in this now-closed case. If Hollett wishes to pursue his claims, he must file a complaint in a new case.

Dated: February 6, 2023

_____
U.S. District Judge